# EXHIBIT 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* Michael B. Horrow/ Scott E. Calvert  SBN: (162917/210787)<br>DONAHUE & HORROW LLP<br>1960 E Grand Ave, Ste 1215, El Segundo, CA 90245<br>TELEPHONE NO.: (310) 322-0300   FAX NO.: (310) 322-0302<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED<br>4/22/2021 4:59 PM<br>Kern County Superior Court<br>By Sophia Munoz Alvarez, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS: 1415 Truxtun Avenue
CITY AND ZIP CODE: Bakersfield, 93301
BRANCH NAME: Metro Division

CASE NAME: GORDON R. OSBORN, D.D.S.
v. THE PAUL REVERE LIFE INSURANCE COMPANY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BCV-21-100909 |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [X] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* two
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4/22/2021

Michael B. Horrow/ Scott E. Calvert
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder

Exhibit 1
9

CM-010

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
   Auto (22)–Personal Injury/Property Damage/Wrongful Death
   Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/ Wrongful Death
   Product Liability *(not asbestos or toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice– Physicians & Surgeons
      Other Professional Health Care Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip and fall)
      Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
      Intentional Infliction of Emotional Distress
      Negligent Infliction of Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business Practice (07)
   Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
   Defamation (e.g., slander, libel) (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)

**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
      Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/ Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections Case
   Insurance Coverage *(not provisionally complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
   Eminent Domain/Inverse Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court Case Matter
      Writ–Other Limited Court Case Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of County)
      Confession of Judgment *(non-domestic relations)*
      Sister State Judgment
      Administrative Agency Award *(not unpaid taxes)*
      Petition/Certification of Entry of Judgment on Unpaid Taxes
      Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-harassment)*
      Mechanics Lien
      Other Commercial Complaint Case *(non-tort/non-complex)*
      Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
   Partnership and Corporate Governance (21)
   Other Petition *(not specified above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late Claim
      Other Civil Petition

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** THE PAUL REVERE LIFE INSURANCE
*(AVISO AL DEMANDADO):* COMPANY; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** GORDON R. OSBORN, D.D.S.
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
4/23/2021
Kern County Superior Court
By Sophia Munoz Alvarez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Kern
1415 Truxtun Avenue
Bakersfield, California 93301

**CASE NUMBER:** *(Número del Caso):* BCV-21-100909

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Michael B. Horrow/ Scott E. Calvert
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DONAHUE & HORROW LLP
1960 E Grand Ave, Ste 1215, El Segundo, CA 90245   (310) 322-0300

**DATE:** *(Fecha)* 4/23/2021    **TAMARAH HARBER-PICKENS**   Clerk, by *(Secretario)* _____ , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* The Paul Revere Life Insurance Company

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder

Exhibit 1
11

MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff
GORDON R. OSBORN, D.D.S.

ELECTRONICALLY FILED
4/22/2021 4:59 PM
Kern County Superior Court
By Sophia Munoz Alvarez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF KERN

| | |
|---|---|
| GORDON R. OSBORN, D.D.S.<br><br>Plaintiff,<br><br>vs.<br><br>THE PAUL REVERE LIFE INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: BCV-21-100909<br><br>**COMPLAINT & JURY DEMAND**<br><br>1) Breach of the Duty of Good Faith and Fair Dealing;<br>2) Breach of Contract |

Plaintiff Gordon R. Osborn, D.D.S. alleges as follows:

## GENERAL ALLEGATIONS

### Introduction

1. Plaintiff GORDON R. OSBORN, D.D.S. ("Plaintiff" and "Dr. Osborn"), purchased two policies – an individual disability policy and a business overhead expense policy – to provide financial support in the event his health and medical conditions rendered him unable to continue working as an oral and maxillofacial surgeon.

2. In March 1989, Dr. Osborn selected Defendant THE PAUL REVERE LIFE INSURANCE COMPANY ("Defendant" and "Paul Revere") to provide this vital insurance coverage, trusting that if he were ever unable to continue working, he would be treated fairly. Regrettably, despite faithfully paying premiums for over thirty years, his trust was misplaced.

3. Over time, Dr. Osborn was diagnosed with a variety of conditions, including asthma and hypertension, which, with the onset of the COVID-19 pandemic in March 2020, put him at considerable and unacceptable risk of death should he contract COVID-19. Dr. Osborn's treating physician confirmed that he was a "high risk individual due to age and labile extrinsic asthma." As an oral surgeon, Dr. Osborn's risk of contracting COVID-19 while working is much higher than that of a typical individual; risk that was further exacerbated by an inability to obtain personal protective equipment (PPE) necessary to mitigate exposure. Then, in August 2020, he suffered an pulmonary embolism, which further rendered him unable to continue working.

4. In 2020, when need arose to utilize the insurance coverage promised by Paul Revere, Dr. Osborn filed claims for insurance benefits under his two policies. Despite clear and consistent medical evidence supporting his inability to work and the risks associated with trying to work as an oral surgeon during the COVID-19 pandemic, Paul Revere wrongfully failed to provide the benefits as promised.

### Factual Summary

5. Plaintiff, at relevant times, was a resident of Kern County and a citizen of the State of California. Plaintiff's business, insured under the business overhead expense policy at issue in this litigation, is located in Kern County.

6. Plaintiff alleges upon information and belief that the Defendant THE PAUL REVERE LIFE INSURANCE COMPANY, is, and at all relevant times was, a corporation organized and existing by virtue of the laws of the State of Massachusetts, and authorized to transact and transacting the business of insurance in this state.

7. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, are unknown to plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

7. At all relevant times, Defendants, and each of them, were, unless otherwise alleged by Plaintiff, the agents and employees of each of the remaining Defendants, and were at all times acting within the purpose and scope of said agency and employment, and all defendants have ratified and approved the acts of their agents.

8. On or about March 20, 1989, Paul Revere issued Individual Disability Policy Number 0102385715 ("Disability Policy") to Dr. Osborn. Accordingly to the terms of the Policy, Paul Revere promised to pay disability benefits in the event the Dr. Osborn became totally disabled under the terms of the Disability Policy. Policy benefits, along with premium payments, increased over the years the Disability Policy has been in force, and basic monthly disability benefits are now $17,400 per month. Dr. Osborn is owed, but has not received, disability benefits from June 2020 forward.

9. On or about March 20, 1989, Paul Revere issued Business Overhead Expense Policy Number 0102385716 ("BOE Policy"), which promised to pay certain business overhead expenses in the event Dr. Osborn became disabled under the terms of the BOE Policy. Policy benefits, along with premium payments, increased over the years the Disability Policy has been in force, and basic monthly disability benefits are now $7,900 per month, for a maximum of 15

1  months. Dr. Osborn is owed, but has not received, business overhead expense benefits from April
2  2020 forward.

3      10.      Both the Disability Policy and the BOE Policy (collectively, "the Policies") were
4  delivered within the jurisdiction of the above-entitled court and required the payment of benefits
5  within the jurisdiction of the above-entitled court for total amount to be shown at the time of trial.

6      11.      Dr. Osborn paid all premiums due under the Policies at all relevant times and has
7  performed all obligations under the Policies on his part to be performed.

8      12.      According to the terms of the Policies and, per Paul Revere, as the result of
9  direction from the California Department of Insurance, Dr. Osborn is entitled to benefits if he
10 meets the following definition of disability:

> You are totally disabled when you are rendered unable to perform with reasonable
> continuity the substantial and material acts necessary to pursue your usual
> occupation in the usual and customary way.

14     13.      Prior to 2020, Dr. Osborn was diagnosed with a variety of conditions, including, but
15 not limited to asthma, hypertension and hypogammaglobulinemia. These conditions included a
16 variety of symptoms, including coughing and difficulty breathing. He was, however, able to
17 continue working despite these diagnoses and symptoms.

18     14.      Unfortunately, that changed in March 2020 with the onset of the COVID-19
19 pandemic, which, due to his underlying medical conditions, prevented Dr. Osborn from
20 performing his job duties "with reasonable continuity … in the usual and customary way." Due to
21 the high risk of transmission of the COVID-19 virus during oral surgery and an inability to secure
22 necessary personal protective equipment (PPE) necessary to mitigate exposure, combined with Dr.
23 Osborne's age and co-morbidities, he was unable to continue working as an oral surgeon.

24     15.      Then, on or about August 8, 2020, Dr. Osborn suffered a saddle pulmonary
25 embolism, which is a large pulmonary embolism that straddles the bifurcation of the pulmonary
26 trunk extending to the left and right pulmonary arteries. While saddle pulmonary embolisms are
27 life-threatening, thankfully, Dr. Osborn survived the attack. However, the embolism further kept
28 Dr. Osborn from being able to return to work.

16. Dr. Osborn submitted claims for benefits under the Policies in November 2020. Dr. Osborn's claim was supported by an Individual Disability Statement, signed and dated November 3, 2020. On the form, Dr. Osborne explained that he was disabled as of March 13, 2020 due to asthma, hypertension and status-post saddle pulmonary embolism. He also explained, in a later call with Paul Revere, that he had been unable to obtain the personal protective equipment (PPE) necessary to mitigate your exposure to the COVID-19 virus.

17. In further support of his claim, Dr. Osborn provided Paul Revere with an Attending Physician Statement completed by David Dougherty, M.D., on November 11, 2020. Dr. Dougherty confirmed that Dr. Osborne was unable to return to work due to "ongoing problems since before 2015." He explained that with a primary diagnosis of asthma and a secondary diagnosis of pulmonary embolus, and Dr. Osborne was "advised not to perform dentistry or oral surgery due to COVID pandemic. He is a high risk individual due to age and labile extrinsic asthma."

18. Paul Revere obtained medical records from Dr. Osborn's treating physicians, including Dr. Dougherty, Michael Bazinsky, M.D., Rita Kachru, M.D. and Dixie Regional Medical Center. Those records further confirmed Dr. Osborn's medical conditions, diagnoses and related restriction and limitations, and supported his claims under the Policies.

19. Additionally, Paul Revere requested financial documents necessary to support his claim under the BOE Policy; which Dr. Osborne provided.

20. Paul Revere asked an in-house employee physician to review Dr. Osborn's medical records. That physician confirmed that, given Dr. Osborn's co-morbidities, he would be at "risk of developing complications" if he contracted COVID-19. Death, of course, being a common "complication" of a positive COVID-19 test. Yet, despite this finding, Paul Revere refused to approve Dr. Osborn's claim, instead insisting that he should return to work and put himself at risk of death because the insurer did not want to approve his claims.

21. Paul Revere then utilized a paid, outside physician, who agreed with its paid in-house physician that while Dr. Osborn was disabled August 8, 2020 through September 4, 2020, as

DONAHUE & HORROW LLP

a result of his pulmonary embolism, the severe risk of death should Dr. Osborn contract COVID-19 should not prevent Dr. Osborn from returning to work.

22. On or about February 22, 2021, Paul Revere contacted Dr. Dougherty via telephone to discuss Dr. Osborn's condition. During that conversation, he reiterated that, given the risk of death, it was appropriate to restrict Dr. Osborn from returning to working based on his age and co-morbidities. He further noted that Dr. Osborn's pulmonary embolus also prevented a return to work.

23. Despite confirming Dr. Osborn's diagnoses, symptoms and risk of death should he contract the COVID-19 virus, Paul Revere notified Dr. Osborn, by letter dated March 2, 2021, that it was denying his claims for benefits under both the Disability Policy and the BOE Policy. Paul Revere indicated that while it agreed that he was disabled from August 8, 2021 to September 4, 2020 because of his pulmonary embolus, that limited time period did not meet the Elimination Periods in the Policies, and therefore he was not entitled to any benefits.

24. The March 2, 2021 decision to deny Dr. Osborn's claims under the Policies was wrongful and in bad faith.

25. To date, Dr. Osborn has performed all his obligations under the Policies and has promptly complied with every request of Paul Revere. Despite this, Dr. Osborn has not received any of the benefits he is entitled to under the Policies.

## FIRST CAUSE OF ACTION

**Breach of the Duty of Good Faith and Fair Dealing**

**(Against Defendants THE PAUL REVERE LIFE INSURANCE COMPANY and DOES 1 through 10, inclusive)**

1. Plaintiff refers to each and every paragraph of the allegations above and incorporates those paragraphs as though set forth in full in this cause of action.

2. Defendants, and each of them, have breached their duty of good faith and fair dealing owed to Plaintiff in the following respects:

    a. Unreasonably failing to make payments to Plaintiff at a time when Defendants knew that Plaintiff was entitled to the payments under the terms of the Policies.

    b.    Unreasonably payments to Plaintiff knowing Plaintiff's claims for benefits under the Policies to be valid.

    c.    Unreasonably withholding payments from Plaintiff knowing Plaintiff's claims for benefits under the Policies to be valid.

    d.    Unreasonably misrepresenting to Plaintiff pertinent facts and insurance policy provisions relating to the coverage in issue.

    e.    Failing to reasonably and promptly investigate and process Plaintiff's claims for benefits.

    f.    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims for benefits in which liability has become reasonably clear.

    g.    Failing to promptly provide a reasonable explanation of the bases relied upon in the Policies, in relation to the applicable facts, for the denial of Plaintiff's claims for benefits.

    h.    Improperly terminating the Policies despite Plaintiff's entitlement to benefits under the Policies and payment of premiums in a timely manner.

    i.    Plaintiff is informed and believes and thereon alleges that Defendants breached their duty of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware and which will be shown according to proof at the time of trial.

3.    As a proximate result of Defendants' unreasonable conduct, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policies, plus interest, and other economic and consequential damages, for a total amount to be shown at the time of trial.

4.    As a further proximate result of the unreasonable conduct of Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, all to Plaintiff's general damage in a sum to be determined at the time of trial.

5.    As a further proximate result of the unreasonable conduct of Defendants, Plaintiff

was compelled to retain legal counsel to obtain the benefits due under the Policies. Therefore, Defendants are liable to Plaintiff for those attorneys' fees, witness fees and costs of litigation reasonably necessary and incurred by Plaintiff in order to obtain benefits under the Policies, in a sum to be determined at the time of trial.

6. Defendants' conduct described herein was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff, or subjected Plaintiff to cruel and unjust hardship in conscious of Plaintiff's rights, or was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention to deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

7. Defendants' conduct was highly reprehensible because (1) it caused Plaintiff not only substantial economic loss, but also personal physical injury and physical sickness; (2) it demonstrated Defendants' indifference and reckless disregard as to the health and safety of Plaintiff; (3) it was repeated and continuous, rather than just an isolated incident; (4) it caused harm to Plaintiff not by accident, but rather by Defendants' intentional malice, trickery, and deceit; and (5) Plaintiff was financially vulnerable to Defendants' conduct.

8. Defendants' conduct described herein was undertaken by the corporate Defendant's deputies or managing agents, identified herein as DOES 1 through 10, who were responsible for claims supervision and operations, underwriting, communications and/or decisions. The conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate Defendants. Said corporate Defendants further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 10, inclusive.

## SECOND CAUSE OF ACTION

### Breach of Contract

### (Against Defendants THE PAUL REVERE LIFE INSURANCE COMPANY and DOES 1 through 10, inclusive)

1. Plaintiff refers to each and every paragraph of the allegations above and incorporates those paragraphs as though set forth in full in this cause of action.

2. Defendants, and each of them, owed duties and obligations to Plaintiff under the Policies.

3. Defendants, and each of them, breached the terms and provisions of the insurance Policy by failing and refusing to pay benefits under the Policy as set forth in the second paragraph of the First Cause of Action, incorporated herein by reference.

4. Defendants, and each of them, breached the terms and provisions of the insurance Policy by improperly terminating the Policies despite Plaintiff's entitlement to benefits under the Policies and payment of premiums in a timely manner.

5. As a direct and proximate result of Defendants' conduct and breach of their contractual obligations, Plaintiff has suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

## PRAYER

WHEREFORE, Plaintiff Gordon R. Osborn, D.D.S., prays for judgment against Defendants THE PAUL REVERE LIFE INSURANCE COMPANY and Does 1 through 10, inclusive, and each of them, as follows:

### As to First Cause of Action for Breach of Duty of Good Faith and Fair Dealing:

1. Damages for failure to provide benefits under the Policy, plus interest, including prejudgment interest pursuant to Section 10111.2 of the California Insurance Code, and other economic and consequential damages, in a sum to be determined at the time of trial;

2. Damages for mental and emotional distress in a sum to be determined at the time of trial;

(Donahue & Horrow LLP)

3.  For attorneys' fees, witness fees and costs of litigation incurred by Plaintiff to obtain the Policy's benefits in an amount to be determined at the time of trial;

4.  Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;

5.  For costs of suit incurred herein; and,

6.  For such other and further relief as the Court deems just and proper.

**As to Second Cause of Action for Breach of Contract:**

1.  Damages under the Policy in an amount to be determined according to proof at the time of trial;

2.  For costs of suit incurred herein; and,

3.  For such other and further relief as the Court deems just and proper.

Dated: April 22, 2021

DONAHUE & HORROW, LLP

MICHAEL B. HORROW
SCOTT E. CALVERT
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: April __, 2021

DONAHUE & HORROW, LLP

MICHAEL B. HORROW
SCOTT E. CALVERT
Attorneys for Plaintiff