IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON R. OSBORN,<br><br>               Plaintiff,<br><br>     v.<br><br>THE PAUL REVERE LIFE INSURANCE COMPANY,<br><br>               Defendant. | CASE NO.  1:21-cv-00842-CDB<br><br>ORDER ON PLAINTIFF'S MOTION RE: TAXATION OF COSTS<br><br>(Doc. 56) |

**Background**

Pending before the Court is the motion (Doc. 56) by Plaintiff Gordon R. Osborn ("Plaintiff") to review the Clerk of the Court's taxation of costs in favor of the prevailing party in this action, Defendant The Paul Revere Life Insurance Company ("Defendant").[1]  (Docs. 29-31).

On March 8, 2024, this Court granted Defendant's motion for summary judgment and entered judgment in Defendant's favor.  (Docs. 43, 44).  On March 22, 2024, Defendant submitted a bill of costs.  (Doc. 49).  Following Plaintiff's filing of objections (Doc. 51), Defendant filed a notice of errata in connection with its application for taxation of costs.  (Docs. 52, 53).  In a supporting declaration by

---

[1] On June 10, 2021, following the parties' expression of consent to the jurisdiction of a United States magistrate judge, this action was reassigned to the assigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 7).

attorney Kyle Anne Piasecki, Defendant acknowledged caselaw from this Court permitting recovery of costs for both the stenographic transcript and a video copy of a deposition to the extent such costs are "reasonably necessary for the litigation." (Doc. 53 ¶ 4) (citing *Yeager v. Bowlin*, No. CIV 2:08-102 WBSJFM, 2010 WL 716389, at *2–3 (E.D. Cal. Feb. 26, 2010)). In her declaration, counsel for Defendant set forth grounds for which she believed recovery of both types of deposition costs were reasonably necessary. *Id.* ¶¶ 5-6.

Following review of the parties' submissions, on April 29, 2024, the Court entered a minute order documenting its "find[ing] that the costs [identified in Defendant's submission] are appropriately authenticated and supported in the total amount of $11,605.25." (Doc. 54). The Court further found "that Defendant has sufficiently supported its request to recover fees associated with stenographic and videography expenses as reasonable and necessary." *Id.* (citing cases). In particular, Defendant's submissions reflected that Defendant obtained both the stenographic copy and videos of taped depositions for eight witnesses, including that of Plaintiff, several medical professionals and other witnesses. (Doc. 49 at 3; Doc. 52-1 at 3; Doc. 53).

**Discussion**

In its motion, Plaintiff requests that the taxation of costs be reduced by $4,420.25, to a total $7,185.00, on the grounds that Defendant failed to establish its videography costs were "necessarily incurred." (Doc. 56 at 2). But this Court already considered Defendant's submissions in support of its bill of costs and concluded that they sufficiently demonstrated both stenographic and video costs associated with the eight depositions were reasonably necessary. (Doc. 54.). What is more, the Court acknowledged conflicting caselaw on the matter, including by citing a decision of this Court declining to tax the costs of both stenography and videography for the same deposition. *Id.* (citing *Gregorie v. Alpine Meadows Ski Corp.*, No. CIV. S-08-259 LKK/DAD, 2011 WL 590605, at *4 (E.D. Cal. Feb. 10, 2011)). Nevertheless, the Court concluded then – and reaffirms its conclusion now – that Defendant has met its burden of demonstrating the dual costs were reasonably necessary by reference to, among other things, the out-of-state residency of witnesses (implicating possible remote appearances for trial) and that some witnesses were beyond the Court's subpoena power (implicating possible need to rely on the video depositions at trial), the likelihood of trial proceeding, and the inherent benefits of videography,

including through impeachment. The Court has considered Plaintiff's arguments (Docs. 56, 58) and finds they do not warrant reversal of the Court's earlier order that costs properly are taxed in the total amount of $11,605.25.

**Conclusion and Order**

For the reasons set forth herein, Plaintiff's motion regarding taxation of costs (Doc. 56) is DENIED.

IT IS SO ORDERED.

Dated: **June 13, 2024**

UNITED STATES MAGISTRATE JUDGE